COMMONWEALTH *vs.* ORLANDO B. MERRILL.

Where a bill of exceptions in a criminal case purports to set forth all the evidence that was introduced in proof of the offence, and it is not sufficient to warrant a conviction, this court will set the verdict aside, although no specific instruction to that effect was requested in the court below.

On the trial of an indictment charging the defendant with an assault on his daughter with intent to commit a rape, it appeared that he uncovered her person as she was lying asleep in bed, and took indecent liberties with her person, and, after she awoke, endeavored to persuade her to let him have connection with her, and offered her money to induce her to do so, and lay upon her, but she wholly refused his request, and he did not effect his purpose, and, when she finally refused, desisted from his attempt and left her. *Held*, that there was no evidence of the felonious intent alleged.

INDICTMENT for an assault with intent to commit a rape. At the trial in the superior court in Suffolk at August term 1859, the district attorney introduced evidence of the following facts:

The defendant, at midnight, with a light in his hand, entered the room of his daughter, thirteen years of age, and went to her bed, where she was asleep in her night clothes, touched her gently to ascertain whether she was awake, raised the clothes, and examined and applied his hand to her private parts for half an hour, desisting whenever she seemed to start or likely to awake. She then awoke and sat up in bed, put the clothes down, and said she wished he would go away. He asked her to let him have connection with her, and offered her money, but she refused. He then got into the bed with his pri-

vate parts exposed, laid one leg over her, and continued urging her to consent to his wishes, and took hold of her hand, and asked her to put it upon his private parts. She utterly refused his request, and told him to get off from her, to get off the bed and go down stairs or she would call her mother. He laid upon the bed for half an hour or more, and then went down stairs to his own bed. He did not take hold of her at all, or use any force, except as above stated. The girl testified further that his private parts did not touch her that night; that he tried to touch her, but did not succeed. The bill of exceptions stated this evidence in greater detail, and added : " The above is a statement of all the evidence of the acts done by the defendant at the time of the alleged assault."

*Russell*, J. instructed the jury, among other things, as follows : " If the jury, from the evidence in the case, are satisfied, beyond a reasonable doubt, that the defendant forcibly, wantonly and indecently committed any violence upon the person of his daughter, against her will, they will convict him of an assault. If they are so satisfied that he committed such violence with intent to ravish her by force and violence, against her will, they will convict of the whole offence charged. If they have a reasonable doubt as to the intent, they may acquit of that part of the charge, and convict of assault, if they are satisfied that an assault was committed."

The jury returned a verdict of guilty of the full charge in the indictment, and the defendant alleged exceptions to these instructions.

*T. L. Wakefield*, for the defendant.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

BIGELOW, J. We think it entirely clear, that the evidence at the trial of this case fell far short of proving any intent by the prisoner to have carnal knowledge of the prosecutrix by force and against her will. There was ample proof of gross indecency and lewdness, and of an attempt, by long continued and urgent solicitations and inducements, to lead the prosecutrix to consent to the wish of the prisoner to have sexual intercourse with her. These facts would have been sufficient to warrant a

jury in finding the prisoner guilty of an assault. 1 Russell on Crimes, (7th Amer. ed.) 752. But there was an entire absence of all evidence of the use of force. There was proof of no act of violence, no struggle, no outcry, and no attempt to restrain or confine the person of the prosecutrix, which constitute the usual, proper and essential evidence in support of a charge of an intent to accomplish a felonious purpose on the body of a female by force and against her will. The gist of the aggravated charge laid in the indictment against the prisoner was the intent to ravish.

In many cases, as in the familiar instance of a charge of breaking and entering with intent to steal, proof of the actual commission of the larceny is decisive proof of the intent with which the entry was made. The overt act leaves no room for doubt as to the felonious purpose with which the previous criminal act was perpetrated. But the case at bar is a very different one. The act itself, which, if committed, would be decisive proof of the intent, was never consummated, and, if it had been, would have constituted a higher crime than that charged in the indictment. The nature of the charge presupposes that the intent of the prisoner was not carried out. It is therefore necessary that the acts and conduct of the prisoner should be shown to be such, that there can be no reasonable doubt as to the criminal intent. If these acts and conduct are equivocal, or equally consistent with the absence of the felonious intent charged in the indictment, then it is clear that they are insufficient to warrant a verdict of guilty.

The facts in the present case resemble those proved in *Rex* v. *Nichol*, Russ. & Ry. 130, where it was shown that a teacher took very gross and indecent liberties with a female scholar under his control, of tender years, without her consent, and it was held that he was rightly convicted of an assault, but not of an intent to ravish. So in the present case, the jury should have been instructed that there was no sufficient proof to maintain the charge against the defendant of an assault on the prosecutrix with a felonious intent to have carnal knowledge of her by force and against her will. As the case was left by the court to

the jury under the instructions which were given them, they were at liberty to infer that the evidence was sufficient to warrant them in finding the defendant guilty of the aggravated charge. This, we think, was erroneous. The omission to instruct the jury in a criminal case that the evidence does not prove the offence laid in the indictment is good ground of exception. *Commonwealth* v. *Packard*, 5 Gray, 101.

It was urged by the attorney general that the defendant could not avail himself of the objection that the verdict was not supported by the testimony, because this court cannot, on a bill of exceptions, set aside a verdict as against the evidence ; and for the further reason that it does not appear that any special instruction was asked for by the defendant at the trial concerning the nature or amount of evidence necessary to sustain the entire offence laid in the indictment. These would have been decisive objections, if, as is usually the case, the whole evidence submitted to the jury had not been fully set out in the exceptions as allowed by the judge and presented to this court. But in the present case the judge is careful to state that the exceptions contain " a statement of all the evidence of the acts done by the defendant at the time of the alleged assault," and to add the instructions which he gave to the jury on this evidence. By these it appears that he left it to the jury to determine whether the entire aggravated offence alleged in the indictment was supported by the proof. The case before us therefore distinctly presents the question whether proper instructions were given as to this part of the case upon the facts as proved. By allowing the bill of exceptions in this form, it is fair to infer that the judge intended to bring before this court the correctness of his rulings, and the defendant has a right to ask an adjudication upon them. *Chase* v. *Breed*, 5 Gray, 443, 445.                              *Exceptions sustained.*